UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YELDY CLARK                                    CIVIL ACTION

VERSUS                                         NO.  23-2005

LIBERTY   MUTUAL   INSURANCE                   SECTION: "P" (3)
COMPANY

## ORDER AND REASONS

Defendant, LM General Insurance Company, file da Motion to Compel
Plaintiff's Appearance for IME.[1] Plaintiff filed no opposition. Having considered the
motion, oral arguments of counsel, the record, and the applicable law, the Court
issues this Order and Reasons granting the motion in part and denying it without
prejudice in part.

## I.   Background

This lawsuit arises from an alleged motor vehicle accident that occurred on
September 14, 2020, when Plaintiff Yeldy Clark was riding as a passenger in a vehicle
that swerved to avoid an oncoming phantom vehicle.[2] On September 13, 2022,
Plaintiff filed suit in Orleans Parish District Court against Defendant LM General
Insurance Company seeking uninsured/underinsured (UM/UIM) motorist benefits for
bodily injury and bad faith penalties.[3] On June 9, 2023, Defendant removed the case
to this Court[4] and filed its Answer on July 5, 2023.[5]

---

[1] Rec. Doc. 69.
[2] Rec. Doc. 1-2, ¶ 5.
[3] Rec. Doc. 1-2, ¶¶9-11.
[4] Rec. Doc. 1.
[5] Rec. Doc. 11.

Defendant sent written discovery to Plaintiff and deposed Plaintiff by Zoom on April 23, 2024.[6] Shortly thereafter, on May 1, 2024, Defendant requested Plaintiff's availability to appear for an independent medical examination (IME) in the New Orleans area.[7] On May 7, 2024, defense counsel sent Plaintiff's counsel notice of a Rule 37 Discovery Conference scheduled to take place on May 10, 2024, to discuss various outstanding discovery items, including Plaintiff's availability for an IME in New Orleans and expert deadlines.[8] The parties held the Rule 37 telephone conference on May 10, 2024, and discussed Plaintiff's return to New Orleans and securing Plaintiff's IME.[9] The parties were unable to resolve their discovery issues.[10] Defendant filed the Motion to Compel Plaintiff's IME on May 22, 2024.[11]

Defendant's deadline to disclose expert witnesses and to provide the experts' written reports was May 27, 2024.[12] Defendant retained Dr. Nicholas Pappas, an orthopedic surgeon, to provide expert testimony in this matter.[13] Dr. Pappas prepared a written report based on his review of Plaintiff's medical records and other material available to him. Dr. Pappas, however, has not yet been provided the opportunity to perform an IME of Plaintiff.[14]

---

[6] Rec. Doc. 69-2, p. 4.
[7] Rec. Doc. 69-5.
[8] Rec. Doc. 69-8.
[9] Rec. Doc. 69-3.
[10] *Id.*
[11] Rec. Doc. 69.
[12] Rec. Doc. 30.
[13] Rec. Doc. 69-2, p. 4.
[14] *Id.* at 4-5.

## II.   Analysis

### A. Standard for Ordering IME

Under Rule 35(a), the court may order a party whose physical condition is in controversy to submit to a physical examination by a suitably licensed or certified examiner.[15] The order may be made "only on motion for good cause and on notice to all parties and the person to be examined and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."[16] The examiner must make a written report setting out in detail his or her findings, including diagnoses, conclusions, and the results of any tests.[17] Rule 35(a) should be interpreted liberally in favor of granting discovery.[18] "The decision as to whether or not to order an independent medical examination under Fed. R. Civ. P. 35(a) rests in the court's sound discretion."[19]

The movant seeking an IME must establish two things: (1) the party's physical or mental condition is in controversy, and (2) there is good cause as to why the motion should be granted.[20] "A plaintiff in a negligence action who asserts mental or physical injury…places that mental or physical injury clearly in controversy and provides the

---

[15] Fed. R. Civ. P. 35(a)(1).

[16] Fed. R. Civ. P. 35(a)(2).

[17] Fed. R. Civ. P. 35(b)(2).

[18] *Knuth v. Reg'l Transit Auth. of New Orleans*, No. 20-396, 2020 WL 6742800, at *2 (E.D. La. Nov. 17, 2020); *Bosarge v. Penrod Drilling Co.*, No. 87-5716, 1988 WL 92043, at *1 (E.D. La. Aug. 30, 1988).

[19] *Crumedy v. XYZ Ins. Co.*, No. 22-4570, 2023 WL 6293867, at *2 (E.D. La. Sept. 27, 2023)

[20] *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964).

defendant with good cause for an examination to determine the existence and extent of such asserted injury."[21]

Plaintiff alleged in her Complaint that she suffered severe and disabling injuries as a result of the September 14, 2020, auto accident and that her damages include past, present, and future physical pain and suffering; past, present, and future medical expenses; and permanent disability.[22] Based on these allegations, Plaintiff's physical condition is clearly in controversy and provides good cause for Defendant's expert witness to perform an IME to determine the existence and extent of Plaintiff's alleged injuries.

### B. Location of IME

At oral argument, Plaintiff, through counsel,[23] advised for the first time that she did not object to appearing for an IME and lodged no objection to Defendant's choice of examiner. Plaintiff's only objection to the IME is the location and/or her travel expenses if ordered to appear for her IME in New Orleans.

When it comes to deciding the location of the IME, "most judges have, in the usual case, ordered the plaintiff to appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff."[24] An exception to this general rule may be made where the plaintiff shows that the trip would be

---

[21] *Id.* at 119.
[22] Rec. Doc. 1-2; Rec. Doc. 22.
[23] Counsel was allowed to appear provisionally subject to the District Court's ruling on the motion to enroll.
[24] *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 212–13 (E.D. La. 1969) (noting that doing so "allows the examining physician to be available conveniently for testimony.").

injurious to his or her health.[25] In addition, absent a showing that plaintiff is impoverished, he or she is required to pay the travel expenses to attend the IME.[26]

Plaintiff has not shown that returning to New Orleans would be injurious to her health. In fact, Plaintiff's counsel seemed to indicate to defense counsel at various times during the discovery process that Plaintiff had or was making plans to return to New Orleans.[27] Likewise, Plaintiff has not shown that she is impoverished and unable to pay her own travel expenses to return to New Orleans for the IME. Finally, Plaintiff's delay in raising this issue further supports denying her request for travel expenses.

### C. Supplementation of Defendant's Expert Report

Defendant requests that its expert witness, Dr. Pappas, be allowed to supplement or amend his written report within five (5) days of Plaintiff's IME.[28] It is unclear whether Plaintiff has any objection to this request. In any event, modifications to the Scheduling Order must be obtained from the District Court. Accordingly, the undersigned will not address this issue absent a referral.

## III.   Conclusion

Accordingly, for the foregoing reasons and additional reasons stated on the record,

---

[25] *Id.; see also Knuth*, No. 20-396, 2020 WL 6742800, at *2.
[26] *Id.*
[27] Rec. Doc. 26-4
[28] Rec. Doc. 69-2, at 8.

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff's Appearance for IME (Rec. Doc. 69) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Rule 35 examination of Plaintiff, Yeldy Clark, by Dr. Nicholas Pappas shall proceed in accordance with the following:

a) Ms. Clark shall submit to a physical examination by Dr. Nicholas Pappas at his office located at Watkins Medical Building, 2520 Harvard Avenue, 1st Floor, Metairie, Louisiana 70001 on one of the following dates:

    1. July 18, 2024, at 10:00 a.m.;

    2. August 1, 2024, at 9:00 a.m. or 11:30 a.m.;

    3. August 5, 2024, at 3:00 p.m.; or

    4. August 8, 2024, at 12:30 p.m.

    **Plaintiff must inform Defendant within two calendar days of the date of this Order which of the above dates/times Plaintiff will appear for the examination and whether an interpreter will be required for the examination.**

b) The physical examination performed by Dr. Pappas will be conducted to determine the extent of Plaintiff's claimed injuries, including her neck, back, and right and left wrists and hands.

c) Twenty-four hours before the examination, Defendant must provide Plaintiff's counsel with a list of the possible tests that may be conducted during the examination.

**IT IS FURTHER ORDERED** that Defendant's request to modify the deadline to deliver written reports of its expert witnesses set forth in the Scheduling Order is **DENIED WITHOUT PREJUDICE** to Defendant's right to re-urge this request before the District Court.

New Orleans, Louisiana, this 11th  day of July, 2024.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**