**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YELDY CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2005** |
| **LIBERTY MUTUAL INSURANCE COMPANY** | **SECTION: "P" (3)** |

## ORDER AND REASONS

Before the Court is LM General Insurance Company's Motion for Review of R&R and Orders of the Magistrate Judge.[1] LM General Insurance Company ("Liberty") moves the Court to review the Order and Report and Recommendation of United States Magistrate Judge Eva J. Dossier (R. Doc. 108) granting Liberty's motion for sanctions, awarding reasonable expenses and attorneys' fees, and recommending the dismissal of Plaintiff Yeldy Clark's claims with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for failure to comply with the Court's discovery orders.[2] Liberty also asks that the Court affirm the Magistrate Judge's subsequent award of attorneys' fees in the total amount of $28,908.00 (R. Doc. 117).  Plaintiff did not file any post-Order objections to the Order granting Liberty's motion for sanctions[3] or to the Order awarding Liberty $28,908.00 in attorneys' fees.[4] Plaintiff did, however, file an objection to the Magistrate Judge's Recommendation that Plaintiff's claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for failure to comply with the Court's discovery orders.[5]

Because the Magistrate Judge's recommendation is dispositive of the action, her findings and recommendation are governed by Federal Rule of Civil Procedure 72(b). Under Rule 72(b)(2),

---

[1] R. Doc. 118.
[2] R. Doc. 108.
[3] *See* R. Doc. 108 at 19–20.
[4] *See* R. Doc. 117.
[5] R. Doc. 113.

a party may file specific written objections to a Magistrate Judge's proposed findings and recommendations within 14 days after being served with the Report and Recommendations.[6] And under Rule 72(b)(3), the district judge must determine de novo any part of the Magistrate Judge's recommended disposition that has been properly objected to.[7]

Here, Plaintiff objects to the recommendation that the action be dismissed. She argues that she was completely dependent on her prior counsel, Mario Sanchez, "for deadlines and communication with the Court."[8] Plaintiff contends that she has testified that she had very little contact with Mr. Sanchez and was unaware of the deadlines and timelines that were ordered by the Court.[9] Plaintiff's attempt at blaming her past counsel for her repeated failures to obey court orders was considered and addressed by the Magistrate Judge in her thorough Report and Recommendations. The Magistrate Judge found that Plaintiff's testimony on this issue was not credible and that the testimony of Mr. Sanchez—who rebutted Plaintiff's unsubstantiated claims about a lack of communication—was credible.[10] Plaintiff has not objected to, or even addressed, these findings by the Magistrate Judge. Nevertheless, the Court has conducted a de novo review of this issue, and the Court reaches the same conclusion as the Magistrate Judge, for the same reasons. Accordingly, the Court finds no merit in Plaintiff's argument that her continuing failure to obey court orders was due to a lack of communication with her prior counsel.

Plaintiff next attempts to shift the blame by arguing that any communication she did have with her prior counsel was not in her native language, which is Spanish.[11] She also argues that "there were never any documents from her attorney []or the Court in her native language so that

---

[6] *See* Fed. R. Civ. P. 72(b)(2).
[7] *See* Fed. R. Civ. P. 72(b)(3).
[8] R. Doc. 113 at 1.
[9] *Id.*
[10] R. Doc. 108 at 8–10.
[11] R. Doc. 113 at 1.

she could read and fully understand."[12] Although she does not make the argument directly, Plaintiff appears to be implying that she was not aware of the court-ordered deadlines, or of the consequences of missing the deadlines, because the communications were in English, and her native language is Spanish. This argument is belied by the record in this case, which establishes that Plaintiff's prior counsel, Mr. Sanchez, spoke Spanish. Moreover, Plaintiff's failure to comply with the rules of discovery and multiple court orders continued even after Plaintiff was no longer represented by Mr. Sanchez and after Plaintiff's current counsel had enrolled on her behalf. Moreover, Plaintiff's current counsel confirmed on the record that issues related to interpretation or translation are not causing any impediment to the attorney-client relationship. Thus, the record does not support Plaintiff's suggestion that her continuing failure to comply with the Court's orders was due to a language barrier.

Lastly, Plaintiff objects to the dismissal of her claims on the basis that the Court has "already punished" Plaintiff by awarding attorneys' fees and expenses to Liberty for the additional work that needed to be done because of Plaintiff's failure to comply with the Court's orders.[13] Plaintiff contends that this sanction is "substantial enough" and that the Court need not discipline her further for the same offense by dismissing her case.[14] Having reviewed the record in this case, the Court disagrees. For all of the reasons articulated by the Magistrate Judge, the Court comes to the same conclusion—the "draconian" sanction of dismissal with prejudice is appropriate here, and no lesser sanction would suffice.

With respect to Liberty's request that this Court affirm the Magistrate Judge's Order and Reasons (R. Doc. 117) awarding Liberty attorneys' fees in the total amount of $28,908.00 relative

---

[12] *Id.*
[13] *Id.* at 2.
[14] *Id.*

to two separate discovery motions, the Court notes that no party filed objections to the Magistrate Judge's Order, which is governed by Rule 72(a), and thus there is no issue ripe for the Court's resolution. Nevertheless, the Court recognizes Liberty's request that the Court require Plaintiff to satisfy the award of attorneys' fees ordered by the Magistrate Judge, and the final judgment entered in this case will reference the specific monetary amount owed by Plaintiff to Liberty in accordance with the Magistrate Judge's Order.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's objections (R. Doc. 113) to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Liberty's Motion for Review of R&R and Orders of the Magistrate Judge (R. Doc. 118) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (R. Doc. 108) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Yeldy Clark's claims are hereby **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

New Orleans, Louisiana, this 4th day of August 2026.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

4